1   JENKINS & MULLIGAN
    THOMAS A. JENKINS [SBN: 92213]
2   DANIEL J. MULLIGAN [SBN: 103129]
    660 Market Street , Third Floor
3   San Francisco, California 94104
    Telephone: (415) 982-8500
4   Facsimile: (415) 982-8515

5   GRANT & RODDY
    Gary Klein (to seek admission *pro hac vice*)
6   John Roddy (to seek admission *pro hac vice*)
    44 School Street
7   Boston, MA 02108
    Telephone: 617-248-8700
8   Facsimile: 617-248-0720

9   Attorneys for Plaintiff

10

11

12

13                      UNITED STATES DISTRICT COURT

14                    NORTHERN DISTRICT OF CALIFORNIA

15

16
    GENEVA SPIRES, individually        )    Case No. Case No.
17  and on behalf of all others        )
    similarly situated and on          )    **CLASS ACTION**
18  behalf of the general public,      )    **COMPLAINT FOR:**
                                        )
19                     Plaintiff,      )    **1.  VIOLATION OF RESPA**
                                        )
20  vs.                                )    **2.  VIOLATION OF THE**
                                        )    **UNFAIR         BUSINESS**
21  OCWEN FINANCIAL SERVICES, INC.,    )    **PRACTICES ACT;**
    and OCWEN FEDERAL BANK, FSB,       )
22                                      )    **3.  BREACH OF**
                       Defendants.     )    **CONTRACT;**
23                                      )
                                        )    **4.  UNJUST ENRICHMENT;**
24  _____   )
                                             **5.  DECLARATORY AND**
25                                           **INJUNCTIVE RELIEF**

26           Plaintiff Geneva Spires, for herself, for all others similarly situated and on

27  behalf of the general public, alleges upon information and belief, based *inter alia* upon

28

COMPLAINT                          -1-

1   the investigation made by plaintiff and by and through her attorneys, alleges as follows:

2                                    **I.  INTRODUCTION**

3               1.  This action challenges the following unlawful, unfair and

4   deceptive business practices of defendants Ocwen Financial Services, Inc., and Ocwen

5   Federal Bank, FSB (hereafter, collectively, "Ocwen" or "defend-ants").  Ocwen's business

6   is the "servicing" of residential mortgage loans, which entails the right to collect monthly

7   payments of principal and interest, taxes and insurance on mortgage loans.  In connection

8   with its servicing of loans, Ocwen, as a routine and regular practice, commits the

9   following unfair business practices:

10               (a)  imposing and collecting late fees when loan payments have been made

11   in a timely fashion and then pyramiding late charges in violation of provisions of the

12   California Civil Code;

13               (b)  force placing of insurance on borrowers' home when, in fact, borrowers

14   have casualty insurance in place on their homes;

15               (c)   imposing and collecting attorney fees and collection costs  that are not

16   permitted by contract or that have not been actually incurred

17   or that are otherwise unreasonable;

18               (d)   imposing and collecting charges for property inspections, appraisals

19   and broker price opinions in excess of the cost of those items

20   or when no such service has actually been performed;

21               (e)   failing to provide borrowers with itemizations of collection charges,

22   costs and fees imposed as a condition of reinstating or paying off their loans; and

23               (f)   coercing borrowers to remit payments through EZ Pay and/or other

24   expedited payments systems and receiving a portion of the fee without advising

25   borrowers of this fact.

26

27

28

COMPLAINT                              -2-

## II. JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C.§§ 1331, 1332 and 1367 and 15 U.S.C. §2614.  This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. 1367.

3.  Venue for this action is proper in this Court pursuant to 28 U.S.C. 1391(b), in that plaintiff resides in this district, defendant does  business in this district, and the events in question took place in this district.  Plaintiff is a resident of San Francisco, as are some Class Members.  Moreover, Ocwen conducts business within San Francisco County by servicing the loans at issue here.

## III. PARTIES

4.  Plaintiff Geneva Spires ("Spires") is an individual who is, and at all times relevant hereto was, the owner of certain real property situated in San Francisco, California.  At a date presently unknown to plaintiff, Ocwen became the servicer of her home mortgage loan.

5.  Defendant Ocwen Financial Services, Inc., is a publicly-held Florida financial services company that is engaged in the servicing of residential mortgage loans.  Defendant Ocwen Federal Bank, a federally-chartered savings bank with its principal place of business in West Palm Beach, Florida, is a primary subsidiary of Ocwen Financial Services, Inc.

## IV. FACTUAL BACKGROUND

6.  Ocwen presently services more than $30 billion of single-family residential mortgage loans.  Ocwen publicly claims that it has "superior servicing capabilities" and focuses upon "what empowers our customers," allowing "servicing customers [to] real the benefits of Ocwen's comprehensive approach to adding value to distressed loans."  Contrary to its representations, when Ocwen takes over loans, it

1   routinely breaches the loan agreements by, among other things, ignoring grace periods,

2   misapplying payments and charging improper late fees and insurance premiums.

3           7.  Ocwen also engages in a uniform pattern and practice of unfair and

4   overly aggressive servicing of loans that results in the assessment of unfair and

5   unwarranted fees against homeowners and premature defaults, often resulting in unfair

6   and unlawful foreclosure proceedings.

7           8.  Ocwen is primarily in the business of servicing loans initiated through

8   other mortgage lenders.  Under the Real Estate Settlement Proced-ures Act ("RESPA"), 12

9   U.S.C. §2605(d); Reg. X, 24 C.F.R. §3500.21(d)(5), loan servicers such as Ocwen cannot

10  impose late fees or treat payments as late during the 60-day grace period following the

11  effective date of loan transfer if a consumer sends a payment to his or her old servicer.

12          9.  Ocwen has engaged in a pattern and practice of improperly

13  charging borrowers late charges for payments that either are not late or

14  are made within the payment grace period, or are late only as a result of Ocwen's failure to

15  provide timely payment information to borrowers after transfer of servicing to Ocwen.  In

16  addition, Ocwen has engaged in a pattern and practice of failing to credit payments within

17  the 60-day grace period created by RESPA for newly-transferred loans, thus improperly

18  assessing

19  late fees and otherwise treating timely payments as late.

20          10.  Ocwen also has engaged in a pattern and practice of increasing the

21  monthly amount due on borrowers' loans without cause and without notice.  When

22  borrowers bring this to Ocwen's attention, Ocwen has failed to sufficiently explain the

23  reason why the monthly amount has changed in violation of borrowers' original note

24  terms.

25          11. Ocwen's internal procedures are set up so that, if a payment is late

26  (according to Ocwen's own faulty record keeping), even if the payment is within the grace

27  period prescribed by the loan contract or in accordance with Section 6 of the Real Estate

28

COMPLAINT                                  -4-

1    Settlement Procedures Act,

2    the loan is prematurely referred to collections and reported to national credit reporting

3    agencies.

4              12.   Once borrowers are designated as being in default, Ocwen compounds

5    the problem by assessing other charges.   Specifically, Ocwen has engaged in a pattern

6    and practice of charging unwarranted attorneys' fees for properties it has erroneously

7    categorized as being in default.

8    Ocwen uses common and uniform tactics to obtain these monies, including erroneously

9    assessing fees on invoices or on demand letters from Ocwen's debt collectors.   Further,

10   once a default has been declared by Ocwen,

11   it routinely charges borrowers for appraisals, broker price opinions and property

12   inspections.   These charges are imposed even when the services are not provided or, in

13   the alternative, the charges imposed exceed the costs actually incurred.

14             13.   In addition to the unwarranted late fees and the fees in connection with

15   alleged defaults, Ocwen routinely misapplies customer payments, including placing them

16   into "suspense accounts."   In practice,

17   the creation of a suspense account has allowed Ocwen to divert customer payments

18   away from mortgage loan payments.   Therefore, customers remain subject to additional

19   fees and related problems on their loans.

20             14. Ocwen routinely pressures borrowers to remit payments through an

21   "EZ-Pay" system.   Borrowers are charged for the use of this system, and Ocwen keeps a

22   portion of the charge, without revealing this fact to borrowers.   Ocwen routinely attempts

23   to force customers to purchase insurance for properties that are already insured.   This

24   practice allows Ocwen to charge customers expensive and unwarranted insurance

25   premiums and related charges.

26

27

28

1    15.  The unlawful fees and charges that Ocwen demands increase the

2   amounts that financially strapped homeowners must raise

3   to reinstate or pay off their mortgages and thereby avoid foreclosure.  Ocwen's unlawful

4   practices thereby exacerbate mortgage defaults.

5   Because many homeowners cannot raise the necessary funds demanded, Ocwen's

6   practices contribute to the avoidable loss of consumers' homes.

7            # IV.  CLASS ACTION ALLEGATIONS

8    16.  Plaintiff brings her claims in this action on behalf of herself and as a

9   class action on behalf of all persons similarly situated, pursuant

10  to Rule 23 of the Federal Rules of Civil Procedure.

11   17.  The class which plaintiff seeks to represent is comprised

12  of all residents of the United States who, during the period between December 10, 1999,

13  and the present (the "Class Period"), had loans serviced by Ocwen that were in default or

14  treated as being in default including, without limitation, for reasons related to inadequate

15  or late payments or lack of necessary insurance coverage and (a) who incurred

16  or were assessed improper late fees and/or default-related fees, (b) whose payments were

17  misapplied, or (c) who were charged for hazard insurance by Ocwen.  The owners,

18  officers, directors, subsidiaries and any person or other entity related to, affiliated with or

19  employed by defendants, are excluded from the Class.

20   18.  The Class is so numerous that joinder of all members of

21  the Class in a single action is impracticable.  Although the number of Class members

22  cannot be precisely determined without discovery, plaintiff is informed and believes that

23  the Class consists of at least several thousand members.

24

25

26   19.  There are numerous common questions of law and fact that

27  predominate over any questions affecting only individual members of the Class.  Among

28

1   these questions of law and fact common to the Class are:

2           (a)   whether Ocwen participated in and pursued the acts complained of;

3           (b)   whether Ocwen breached duties of care owed to plaintiff and Class

4   Members;

5           (c)   whether Ocwen engaged in a common course of conduct

6   over a period of years of improperly assessing and pyramiding late charges on plaintiff

7   and Class Members;

8           (d)   whether Ocwen engaged in a common course of conduct over a period

9   of years of force placing insurance on the homes of plaintiff and members of the Class

10  when casualty insurance actually was in place;

11          (e)   whether Ocwen engaged in a course of conduct over

12  a period of years of imposing and collecting attorney fees from plaintiff

13  and Class Members that were not actually incurred by Ocwen;

14          (f)   whether Ocwen engaged in a course of conduct over

15  a period of years of imposing and collecting fees for property inspections

16  and broker price opinions ("BPOs") on plaintiff and Class Members when such fees were

17  not actually incurred by Ocwen or any affiliated company;

18          (g)   whether Ocwen engaged in a course of conduct over

19  a period of years of coercing plaintiff and Class Members to remit payments to Ocwen

20  through the EZ-Pay System and/or other forms of expedited payments and then collecting

21  a portion of the fee charged for this service; and,

22          (h)   whether plaintiff and Class Members are entitled to damages or

23  restitution for economic injury and, if so, what is the appropriate means of calculating

24  such monetary damages.

25          20.   The claims of the named plaintiff are typical of the claims

26  of Class Members, and plaintiff has the same interests as other Class Members.  Plaintiff

27  is committed to the vigorous prosecution of this action and has retained competent

28

1   counsel experienced in litigation of this nature to represent them.  Plaintiff anticipates no

2   difficulty in the management of this litigation as a class action and is aware of no conflict

3   between herself and the class as a whole.  Accordingly, plaintiff is an adequate

4   representative

5   of the Class and will fairly and adequately protect the interests of the Class.

6          21.  A class action is the only available method for the fair

7   and efficient adjudication of this controversy.  The members of the plaintiff class are so

8   numerous that joinder of all members is impracticable, if not impossible.  Since the

9   damages suffered by individual Class members,

10  while not inconsequential to them, may be relatively small, the expenses and burden of

11  individual litigation makes it impractical for members of the Class to seek redress

12  individually for the wrongful conduct alleged herein.  Should separate actions be brought

13  or be required to be brought by each individual member of the Class, the resulting

14  multiplicity of lawsuits would cause undue hardship and expense for the Court and the

15  litigants.  The prosecution of separate actions would also create a risk of inconsistent

16  rulings which might be dispositive of the interests of other Class members who are not

17  parties to the adjudications and/or may substantially impede their ability to protect their

18  interests.

19              **V.   FACTUAL ALLEGATIONS**

20          22.  Plaintiff alleges on information and belief that Ocwen does not post loan

21  payments when they are received but, in fact, in numerous instances delays such

22  postings beyond the grace period so that it can assess and collect late charges.  Ocwen,

23  in servicing plaintiff's loan payments, posted such timely payments from plaintiff as late

24  and charged plaintiff

25  late fees.  Moreover, Ocwen, on numerous occasions, imposed and collected late charges

26  despite the fact that plaintiff and Class Members have made payment for the most recent

27  installment, a practice known as "pyramiding" late charges.

28

1       23. Plaintiff alleges on information and belief that Ocwen has

2  a practice of force placing insurance on the homes of plaintiff and Class Members despite

3  the fact that the required casualty insurance is in force.

4  When Ocwen force places insurance, it imposes premiums, directly or indirectly, costing

5  four times the the amount of the insurance already in place.  Even when plaintiff and

6  Class Members prove that such insurance is in effect, Ocwen cancels the policies that

7  they have force placed but does not refund premiums collected or credit the accounts of

8  plaintiff and Class Members.  Plaintiff further alleges on information and belief that

9  Ocwen collects a substantial portion of the premiums that it force places on the homes of

10 plaintiff and Class Members.

11      24. Plaintiff alleges on information and belief that Ocwen routinely imposes

12 and collects attorney fees and legal costs from plaintiff and Class Members despite the

13 fact such that attorney fees have not been actually incurred in connection with the

14 collection of the loan.  In the alternative, Ocwen imposes and collects amounts that

15 exceed the amount that is reasonable for legal work actually performed or legal costs

16 actually incurred.

17      25. Plaintiff alleges on information and belief that Ocwen routinely imposes

18 and collects fees for property inspections and for BPOs when, in fact, property inspections

19 have not been conducted and BPOs have not been performed.  Plaintiff further alleges on

20 information and belief that Ocwen, in instances when property inspections have been

21 conducted or BPOs have been performed, Ocwen imposes and collects amounts in

22 excess of the amounts actually or reasonably owned for such services.

23      26. Plaintiff alleges on information and belief that Ocwen, through its

24 collection practices, requires or coerces plaintiff and Class Members to utilize EZ-Pay or

25 other forms of expedited payments to remit payments to Ocwen, all without disclosing

26 that a fee will be charged for

27 this method of payment and that Ocwen receives the bulk of this fee for directing plaintiff

28

1   and Class Members to this system of payment.

2          27.   Plaintiff Geneva Spires originally entered into a mortgage loan with

3   First Alliance Mortgage Company, which was secured by a deed

4   of trust recorded against her  home, commonly known as 3163 San Bruno Avenue, San

5   Francisco.  At a date presently unknown to plaintiff, the servicing rights to the loan were

6   transferred, sold or assigned to Ocwen. Ocwen has continuously imposed unwarranted

7   late charges, and other collection costs on plaintiff, has failed or refused to provide

8   plaintiff with an accounting and a breakdown of various "collection costs,"

9   "miscellaneous expenses" and "future expenses" and has failed or refused to properly

10  notify plaintiff of amounts due or dates for payment.

11   ## VI.  TOLLING OF STATUTES OF LIMITATIONS

12   ## BY FRAUDULENT CONCEALMENT

13          28.   Any applicable statutes of limitations have been tolled by Ocwen's

14  continuing, knowing and active concealment of the facts alleged herein.  Despite

15  exercising due diligence, plaintiffs and Class Members could not have discovered, did not

16  discover and were preventing from discovering the wrongdoing complained of herein.

17          29.   In the alternative, Ocwen should be estopped from relying upon any

18  statutes of limitations.   Ocwen has been under a continuing duty to disclose the true

19  character, nature and quality of its financial services.  Ocwen owed plaintiff and Class

20  Members an affirmative duty of full and

21  fair disclosure, but knowingly failed to honor sand discharge such duty.

22
   ## VII.  CAUSES OF ACTION
23
   ### FIRST CAUSE OF ACTION
24
   ### Violation of the Real Estate Settlement Procedures Act
25
26          30.   As a servicer of home mortgage loans, Ocwen is, in relevant part,

    governed by the mandates of the Real Estate Settlement Procedures Act ("RESPA).
27
            31.   Ocwen is primarily in the business of servicing loans initiated through
28

COMPLAINT                                 -10-

1   other mortgage lenders.  Under RESPA, specifically

2   12 U.S.C. §2605(d) , and the implementing regulation,  Reg. X, 24 C.F.R. §3500.21(d)(5),

3   loan servicers such as Ocwen cannot impose late fees or treat payments as late during

4   the 60-day grace period following the effective date of loan transfer if a consumer sends a

5   payment to his or her old servicer.

6           32  Ocwen regularly and routinely violates this provision of RESPA by

7   charging borrowers late fees during this period, even though payments have been

8   properly and timely made.

9                    **SECOND CAUSE OF ACTION**

10   **Violation of California's Unfair Business Practices Act**

11   **(Business and Professions Code §17200)**

12           33.  Plaintiff realleges and incorporates by this reference the allegations

13   hereinabove set forth in paragraphs 1-33 as though the same were set forth in full at this

14   point.

15           34.  Plaintiff brings this cause of action as a private attorney general to

16   challenge the unlawful, unfair or deceptive business practices

17   of defendant Ocwen.  The Unfair Business Practices Act defines unfair competition to

18   include any "unfair," "unlawful" or "deceptive" business practice.  Bus. & Prof. Code section

19   17200.  The Act provides injunctive relief and restitution for violations. *Id.,* §17203.

20           35.  Beginning at an exact date unknown to plaintiff, but

21   at least since December 10, 1999, defendant Ocwen has committed acts

22   of unfair competition, as defined by Bus. & Prof. Code section 17200,

23   by wrongfully posting and pyramiding late charges, by force placing unnecessary

24   casualty insurance and sharing excessive premiums, by imposing and collecting attorney

25   fees that were not actually incurred,

26   by imposing and collecting fees for property inspections and/or BPOs, by failing to provide

27   accounting and breakdowns of various collection charges, and by coercing borrowers to

28

COMPLAINT                            -11-

1   remit payments through an expedited payment system from which Ocwen benefits.

2          36.  The acts and practices described above, involving the improper posting

3   of late charges, the force placing of casualty insurance,

4   the imposing and collecting of attorney fees that were not actually incurred, the imposing

5   and collecting of fees for property inspections and appraisals, and the coercing of

6   borrowers to remit payments through an expedited payment system from which Ocwen

7   profited, were and are likely to mislead the general public in that the public is likely to

8   believe that the late charges and impound are authorized and permissible.  Said acts and

9   practices are unlawful in that they violate the common law and the Civil Code of the State

10  of California and are unfair in that the harm to the public outweighs any benefit.

11         37.  The unlawful, unfair and fraudulent business practices

12  of Ocwen, described above, constitute a continuing threat to members

13  of the public in that, unless restrained, Ocwen will continue to wrongfully post late

14  charges and mishandle impound accounts.

15

16         38.  As a direct and proximate result of the aforementioned

17  acts, plaintiff and members of the Class have been damaged in an amount

18  to be determined at trial.

19         WHEREFORE, plaintiff prays for relief as set forth hereafter.

20                          **THIRD CAUSE OF ACTION**

21                          **Breach of Contract**

22         39.  Plaintiff realleges and incorporates by this reference the allegations

23  hereinabove set forth in paragraphs 1-38 as though the same were set forth in full at this

24  point.

25         40.  Plaintiff had original loan agreements that set forth the date by which

26  her monthly payment of principal and interest was due and dates providing a grace period

27  before the end of which late charges could not be assessed.

28

1         41.  When it took over the servicing of plaintiff's loan, Ocwen assumed the

2 obligations of plaintiff's loan agreements.

3         42.  Plaintiff satisfied her obligations by making timely payments of

4 principal and interest on her loan.

5         43.  By imposing late fees on payments that were not late, Ocwen breached

6 its agreements with plaintiff and Class Members.

7         44.  By increasing the monthly payment amount without notice to plaintiff,

8 Ocwen breached its contracts with plaintiff and Class Members.

9         445  Ocwen's treatment of timely loan payments as late or inadequate

10 caused plaintiff and Class Members to suffer damages, in that they were charged

11 improper late fees as well as fees resulting from the alleged lateness or inadequacy and/or

12 from misapplied loan payments.

13         46.  In addition to imposing unwarranted late fees, plaintiff

14 and Class Members suffered further harm in that their credit was irreparably damages as

15 a result of Ocwen reporting to national credit reporting agencies that they were delinquent

16 or in default when, in fact, they were not delinquent under grace periods prescribed by

17 contract or law.  As a result of these derogatory credit reports, plaintiff and Class

18 Members were precluded from obtaining replacement financing due to their damaged

19 credit ratings.

20         47.  As a result of Ocwen's wrongful conduct, plaintiff and Class Members

21 have suffered, and continue to suffer, damages in an amount to be determined according

22 to proof at time of trial.

23                **FOURTH CAUSE OF ACTION**

24                  <u>**Unjust Enrichment**</u>

25         48.  Plaintiff hereby incorporates by reference the allegations

26 contained in paragraphs 1-47 as though the same were set forth in full at

27 this point.

28

1    49.  By its wrongful acts and omissions, Ocwen was unjustly

2  enriched at the expense of plaintiff and Class Members from its unfair,

3  unlawful and deceptive loan-servicing practices and, thus, plaintiff and

4  Class Members were unjustly deprived.

5    50.  Plaintiff and members of the Class seek restitution from

6  Ocwen and seek an order of this Court disgorging all profits, benefits and other

7  compensation obtained by Ocwen from its wrongful conduct

8    WHEREFORE, plaintiff prays for relief as set forth hereafter.

9                    **FIFTH CAUSE OF ACTION**

10                  **Declaratory and Injunctive Relief**

11    51.  Plaintiff hereby incorporates by reference the allegations

12  contained in paragraphs 1-50 as though the same were set forth in full

13  at this point.

14    52.  Plaintiff and Class Members will be irreparably injured in the future by

15  Ocwen's misconduct on each of the causes of action stated above.

16

17    53.  Plaintiff, on behalf of herself and all Class Members, seeks

18  a judgment declaring that Ocwen must cease the activities described herein and provide

19  for adequate procedures and policies for the immediate and complete refund of unlawful

20  and unwarranted late fees and other charges, insurance premiums unlawfully assessed,

21  as well as the proper allocation

22  of misapplied loan payments.

23    54.  Plaintiff and Class Members do not have a plain, adequate, speedy or

24  complete remedy at law to address the wrongs alleged in this Complaint and, as a

25  consequence, will suffer irreparable injury as a result

26  of Ocwen's misconduct unless injunctive and declaratory relief is granted.

27    55 By reason of the foregoing, plaintiff and Class Members are entitled to

28

1  declaratory and injunctive relief as set forth above.

2  WHEREFORE, plaintiff prays for relief as set forth hereafter.

3  ## VIII.  PRAYER FOR RELIEF

4  WHEREFORE, plaintiff, on behalf of herself and all Class

5  Members (and, as to the Second Cause of Action, on behalf of the general

6  public), requests judgment and relief as follows:

7  1.  An order certifying this case as a class action on behalf

8  of the Class and designation of plaintiff as a representative of the Class

9  and her counsel of record as Class Counsel;

10  2.  Restitution and disgorgement, according to proof;

11  3.  Compensatory and general damages, according to proof;

12  4.  Special damages, according to proof;

13  5.  Prejudgment interest at the maximum legal rate;

14  6.  Preliminary and permanent injunction restraining

15  and enjoining all defendants — and their agents, servants, employees,

16  representatives and anyone acting on their behalf or at their direction —

17  from engaging in, committing, permitting or performing, directly or indirectly,

18  any of the unfair or unlawful business practices described interest, as allowed

19  by applicable law;

20  7.  For a declaration of the rights and duties of the parties,

21  including a declaration of the amount owed by plaintiff on her note;

22  8.  For reasonable attorneys' fees;

23  9.  For costs of the proceedings herein; and

24  10.  For such other and further relief, including equitable relief,

25  as the Court may deem just and proper.

26  ## JURY DEMAND

27  Plaintiff and Class Members hereby request trial by jury as to all issues so

28

COMPLAINT                                        -15-

1   triable.

2   Date: December 11, 2003.

3                                          JENKINS & MULLIGAN

4                                          GRANT & RODDY

5

6                                  By _____
                                          DANIEL J. MULLIGAN
7                                      Attorneys for Plaintiff and
                                   Members of the Plaintiff Class
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28